# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS CLAY, #R-09996, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-cv-238-JPG |
| | ) |
| LT. JOHN DOE, | ) |
| 13 JOHN DOES, | ) |
| PHILLIP BAILEY, and | ) |
| GILBERT HUGHES, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT District Judge:**

Plaintiff, an inmate currently in the Menard Correctional Center, was at all times relevant to this action housed in the Shawnee Correctional Center. Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

1

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds that the claims in the complaint cannot be dismissed at this point in the litigation.

**Facts:**

The following version of the facts of this case is gleaned from Plaintiff's complaint (Doc. 1). Plaintiff was housed in the segregation unit at Shawnee Correctional Center. On December 24, 2010, Defendant Hughes approached Plaintiff's cell and began verbally harassing him. In response, Plaintiff flooded his cell to get the attention of a superior officer.

Defendant Bailey responded to the call. Upon arrival, he found that Defendant Hughes had already restrained Plaintiff with handcuffs. Defendants Bailey and Hughes then began beating Plaintiff, throwing him to the ground, then punching and kicking him in the head, chest, and back. Thirteen John Doe Defendants witnessed the altercation, then joined in on the beating. Defendant John Doe Lieutenant responded to the disturbance, but did nothing other than watch the abuse.

After the beating, Plaintiff was bleeding and in pain. However, none of the Defendants attempted to provide Plaintiff with medical care. Instead, Plaintiff was moved to a different cell in the segregation unit.

**Discussion:**

To facilitate the orderly management of future proceedings in this case, and in accordance

with the objectives of FED. R. CIV. P. 8(e) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count One: Excessive Force**

Plaintiff first alleges that his constitutional rights were violated when Defendants Bailey, Hughes, and the 13 John Doe Defendants used excessive force against him. The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 130 S. Ct. at 1180 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* (The question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Plaintiff alleges that while he was handcuffed, Defendants Bailey and Hughes threw him to the ground and began hitting and kicking him. During the altercation, the 13 John Doe Defendants joined in on the action, inflicting blows to Plaintiff's head, chest, and back, then dragging Plaintiff

3

down the corridor. While Plaintiff states that these events came to pass in response to the flooding of his cell in an attempt to get attention, Plaintiff states that he was placed in handcuffs before Defendant Bailey even entered the cell. This seems to indicate that Plaintiff was successfully restrained, and could no longer disrupt the prison. The placing of a prisoner in handcuffs or the use of other similar restraints does not alone amount to excessive force. It is where force is applied to a submissive prisoner, one that is no longer a threat, that the penological value in that force is called into question. *See Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). Plaintiff argues that such is the case here. When Plaintiff was restrained in handcuffs, whatever threat he may have presented became moot. Because the assault was carried out after he had been restrained, Plaintiff claims that the force was utilized solely to cause harm. It is not entirely clear at this point whether Plaintiff, even while handcuffed, was such a threat so as to require the application of force by 15 different individuals. Further, the Court is unable to determine whether the force that was applied, even if some force was necessary, escalated into an attempt to cause Plaintiff unjustified harm. Because these questions remain, this claim cannot be dismissed at this point in the litigation.

**Count Two: Failure to Protect**

Plaintiff next alleges that Defendant John Doe Lieutenant failed to intervene in the beating, though he was a superior officer and witnessed the action first hand. Plaintiff claims that this failure to act makes Defendant John Doe Lieutenant equally liable for his injuries. The Seventh Circuit has examined this issue as it pertains to police officers who fail to intervene when a fellow officer exceeds his authority, and they stated:

> We believe it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge.

4

> That responsibility obviously obtains when the nonfeasor is a supervisory officer to whose direction misfeasor officers are committed. So, too, the same responsibility must exist as to nonsupervisory officers who are present at the scene of such summary punishment, for to hold otherwise would be to insulate nonsupervisory officers from liability for reasonably foreseeable consequences of the neglect of their duty to enforce the laws and preserve the peace.

*Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972); *see also Lanigan v. Vill. of E. Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (collected cases); *Archie v. City of Racine*, 826 F,2d 480, 491 (7th Cir. 1987).

In the instant action, Defendant John Doe Lieutenant was a supervisor of the other Defendants accused of participating in the attack. Defendant John Doe Lieutenant thus had a duty to stop the other Defendants from assaulting Plaintiff if he did in fact witness the beating, and the failure to intervene would amount to a failure to protect Plaintiff from the wrongful acts of Defendant John Doe Lieutenant's subordinate officers. It is not entirely clear at this point what exact events Defendant John Doe Lieutenant did witness, or what he may have known of, and for this reason this claim cannot be dismissed at this time.

**Count Three:    Deliberate Indifference**

Plaintiff finally alleges that Defendants Bailey, Hughes, 13 John Doe Defendants, and John Doe Lieutenant showed deliberate indifference to his medical needs when they failed to take him to the medical ward or ensure that he received medical treatment after the beating.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional

5

denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm . . . . Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"). The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (Courts will not take sides in

disagreements with medical personnel's judgments or techniques). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (*discussing Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996)).

Plaintiff claims that he was bleeding and was in substantial pain after the assault. A serious medical need may be found where a layperson would observe the situation and determine that health care was necessary. *Laaman v. Helgemoe*, 437 F. Supp. 269, 311 (D.N.H. 1977). *See, e.g., Mahan v. Plymouth Cnty. House of Corr.*, 64 F.3d 14, 18 (1st Cir. 1995); *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 347 (3rd Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988); *Sheldon v. Penzley*, 49 F.3d 1312, 1316 (8th Cir. 1995); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996); *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1186 (8th Cir. 1994). The Seventh Circuit has also instructed courts to consider the following to be indication of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Plaintiff alleges that he was subjected to "substantial pain" after he was beaten, pain that could have been treated had Plaintiff been taken to the medical ward. Plaintiff also alleges that due to his bleeding, a non-medical professional could have easily seen his need for treatment. Because of these facts, Plaintiff has sufficiently alleged that he suffered from a serious medical need as set out by the Seventh Circuit.

However, the inquiry does not end there. Plaintiff must also show that the Defendants knew,

or should have known, that Plaintiff was at a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000). As stated above, Plaintiff was bleeding after the beating. Because Defendants Bailey, Hughes and 13 John Doe Defendants were the ones who caused the injury to Plaintiff, it seems logical that they were aware of the extent of the injuries they inflicted upon him. The same logic applies to Defendant John Doe Lieutenant, who witnessed the beating. Depending on the state Plaintiff was in after the altercation, it could be argued that the Defendants all knew or should have known of the extent of Plaintiff's injuries. However, at this stage of the litigation this dispute cannot be resolved, and for this reason this claim cannot be dismissed.

**Disposition:**

**IT IS ORDERED** that Counts One, Two, and Three survive threshold review. The Clerk of Court shall prepare for Defendants **BAILEY** and **HUGHES** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on **DEFENDANT JOHN DOE LIEUTENANT** or the **13 JOHN DOE DEFENDANTS** until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

8

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 21, 2011**

*s/J. Phil Gilbert*
**United States District Judge**