IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS CLAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No.  11-238-JPG-PMF |
| | ) |
| UNKNOWN PARTY, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is a defense motion for the sanction of dismissal (Doc. No. 26). The motion is not opposed.

### I.  Background

Plaintiff Marcus Clay filed this § 1983 action while he was confined at Menard Correctional Center. He is proceeding on claims that he was exposed to conditions of his confinement in violation of the Eighth Amendment's proscription against cruel and unusual punishment. On two occasions, Clay was reminded of his obligation to notify the Clerk and defense counsel of any change in his whereabouts (Doc. Nos. 10, 20). Records maintained by the Illinois Department of Corrections suggest that Clay was released from prison confinement in September, 2011. Clay has not provided the Clerk with a new mailing address. Counsel for the defendants obtained an address in Chicago, Illinois through the Department's offender tracking system. On May 15, 2012, Clay's deposition was noticed for May 30, 2012 (Doc. No. 26-1). The notice was sent to Clay's old prison address and his Chicago address. Clay did not appear for his deposition and made no effort to contact defense counsel in order to reschedule.

**II.     Sanctions**

Sanctions may be imposed if a party fails to appear for a properly noticed deposition.  Fed. R. Civ. P. 37(d)(1)(A)(i).  The sanctions may include any of the options listed in Rule 37(b(2)(A).  Instead of or in addition to sanctions, the Court must require payment of reasonable expenses, including attorneys fees, unless the failure was substantially justified or other circumstances make an award of expenses unjust.  Fed. R Civ. P. 37(d)(3).

Sanctions are appropriate due to plaintiff's failure to alert the Court and opposing parties of an address where he could be reached following his release from prison, as well as his failure to attend his deposition.   A monetary award will not be effective as a sanction.  Plaintiff was indigent as a prisoner (Doc. No. 9).  He has made no payments towards his filing fee and does not appear to have any income.  There are currently no reasons to believe that plaintiff will obey an order directing him to reimburse defense counsel for the reasonable expenses, including attorney fees.  Also, because plaintiff failed to attend his deposition, he is not expected to comply with an order directing him to give his deposition testimony.  An order prohibiting plaintiff from introducing evidence in support of his claims would be tantamount to dismissal.

**III.    Conclusion**

IT IS RECOMMENDED that defendant's motion (Doc. No. 26) be GRANTED.  This action should be dismissed with prejudice as a sanction for plaintiff's failure to comply with pretrial orders and failure to attend his May 30, 2012, deposition.  Fed. R. Civ. P. 37(d); Fed. R. Civ. P. 16(f)(1).

**SUBMITTED:   July 5, 2012  .**

    S/Philip M. Frazier    
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**